UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KAMAL OSAMA ZATAR, an individual,

                    Plaintiff,

          v.

GENERAL MOTORS LLC, a Delaware limited liability company, and DOES 1-10, inclusive,

                    Defendants.

Case No. 2:25-cv-10272-HDV-AGR

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [16]**

## I.   INTRODUCTION

This lemon law action arises out of Plaintiff Kamal Osama Zatar's ("Plaintiff") purchase of a 2024 Cadillac LYRIQ (the "Vehicle") manufactured by General Motors LLC ("Defendant"). Plaintiff alleges that the Vehicle experienced "electrical system and infotainment defects" during the warranty period.  Complaint ¶ 12 [Dkt. 1-1].

Before the Court is Plaintiff's Motion to Remand ("Motion") [Dkt. 16], which asserts that Defendant, in its Notice of Removal [Dkt. 1], failed to satisfy its burden of establishing the Court has subject-matter jurisdiction.  Motion at 3.  Specifically, Plaintiff argues that Defendant failed to establish that the amount in controversy requirement for diversity jurisdiction is met.  *Id.*  For the foregoing reasons, the Court disagrees.

## II.   BACKGROUND

Plaintiff purchased the Vehicle in September 2023.  Complaint ¶ 9.  Plaintiff alleges the Vehicle was defective and that Defendant failed to fulfill its warranty obligations.  *Id.* ¶¶ 12-15.

Plaintiff filed a Complaint on September 17, 2025, alleging claims under the California Song-Beverly Consumer Warranty Act ("Song-Beverly Act").  *Id.* ¶¶ 8-33.  Defendant filed its Answer on October 24, 2025.  Notice of Removal, Ex. B (General Motors Answer to Complaint) [Dkt. 1-2].  That same day, Defendant also removed the case, asserting that this Court has subject-matter jurisdiction.  Notice of Removal at 3–6.

Plaintiff filed the instant Motion on November 14, 2025.  [Dkt. 16].  Defendant filed its Opposition to the Motion ("Opposition") on December 22, 2025.  [Dkt. 18].  In its Opposition, Defendant produced the purchase agreement for the Vehicle, which showed the total sale price of the Vehicle, including financing charges, to be $84,411.00.  Declaration of Naoki S. Kaneko ("Kaneko Decl."), Ex. A. ("Sales Contract") [Dkts. 18-1, 18-2].  Defendant also produced its records of the Vehicle's repair history.  *Id.*, Ex. B ("Repair Records") [Dkt. 18-3].  Plaintiff filed a Reply in Support of the Motion ("Reply") on December 31, 2025.

After full briefing, the Court deemed the matter appropriate for resolution without oral argument and took it under submission.  [Dkt. 20].

### III.    LEGAL STANDARD

Federal courts have original jurisdiction of civil actions between citizens of different states where the matter in controversy exceeds $75,000.  28 U.S.C. § 1332.  Federal jurisdiction under Section 1332 requires complete diversity, i.e., that each plaintiff is diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)).

A defendant may remove a case from state court to federal court pursuant to the federal removal statute, 28 U.S.C. § 1441.  The notice of removal need only include a "short and plain statement," or "plausible allegation," of "the grounds for removal."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87–89 (2014) (quoting 28 U.S.C. § 1446(a)).  Any doubts about removal are resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

### IV.    DISCUSSION

The parties dispute whether the amount in controversy requirement is met.[1]  "Where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold."  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  The removing party need only include a "short and plain statement" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  Accordingly, "in assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint."  *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648

---

[1] Plaintiff does not contest the timeliness of removal or that the complete diversity requirement is met. The Court is satisfied that complete diversity exists here. Plaintiff, an individual, is a citizen of California, and Defendant is a Delaware corporation with its principal place of business in Michigan.

3

(9th Cir. 2012) (quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)) (internal quotation marks omitted).  Where the plaintiff challenges the removing defendant's allegations, however, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 82.

The Sales Contract reveals that the cash price of the Vehicle and accessories was $64,68500. Sales Contract at 2.  It also showed that the total cash price (including sales tax, an electronic vehicle registration charge, and other collateral charges) was $71,522.44; that Plaintiff made a down payment of $9,000.00; and that he financed $63,304.19, incurring financing charges of $12,106.81— for a total cost of $84,411.00. *Id.* at 1.  The Sales Contract notes that the Vehicle had 13 miles at the time of sale. *Id.*  Using the cash price and mileage at sale from the Sales Contract, together with the Repair Records and its own assessment of which repair was the first relevant one, Defendant calculated an estimated mileage offset of $6,083.09.  Opposition at 6; Repair Records; Cal. Civ. Code § 1793.2(d)(2)(C).  Defendant did not identify any other offsets.  Opposition at 6.  Although Plaintiff has not yet produced loan payment history for the purchase of the Vehicle, based on the Sales Contract, Defendant also reasonably assumed Plaintiff to have made 23 monthly payments of $1,256.85 at the time of removal. *Id.*  Defendant also plausibly estimates that, if litigated, this matter will not resolve before an additional twelve monthly payments are made, reducing the estimated loan payoff amount to $28,000.00 and leaving approximately $3,500.00 in unaccrued interest. Opposition at 7.  Defendant therefore estimates actual damages at $74,827.91. *Id.*

Furthermore, Plaintiff seeks relief under the Song-Beverly Act, which allows a plaintiff to recover actual damages, civil penalties up to "two times the amount of actual damages," and costs and expenses, including attorneys' fees.  Cal. Civ. Code § 1794.  "[C]ivil penalties are a key component of the relief sought in Song-Beverly actions, and they are undoubtedly part of what is at stake"—or in controversy—"in the litigation." *Ladd v. Mercedes-Benz USA, LLC*, No. 2:25-cv-02879-HDV-BFM, 2025 WL 2081572, at *3 (C.D. Cal. July 24, 2025).  Here, Plaintiff's potential recovery in civil penalties is double the actual damages, or $149,655.82.  This brings the amount in controversy to $224,483.73, easily exceeding the jurisdictional threshold before even accounting for

attorneys' fees.  The Court has diversity jurisdiction over the action.

V.  **CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion is ***denied***.

Dated:  January 28, 2025

_____
Hernán D. Vera
United States District Judge